UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
UNITED STATES OF AMERICA,            :
        Plaintiff,                   :
                                     :
             v.                      :    File No. 1:05-CV-40
                                     :
210 ELMWOOD AVENUE, BURLINGTON,      :
VERMONT, WITH ALL APPURTENANCES      :
AND IMPROVEMENTS THEREON,            :
        Defendant.                   :
_____ :
```

RULING ON MOTION FOR PROTECTIVE ORDER
(Paper 22)

In February 2005, the United States commenced this civil in rem forfeiture proceeding by filing a verified complaint against the defendant property at 210 Elmwood Avenue, Burlington, Vermont, alleging that the property was used, or was intended to be used, for the facilitation of drug offenses in violation of 21 U.S.C. § 881(a)(7).  (Paper 1.)  To support its allegation, the Government relied on the January 4, 2005 seizure from the premises, pursuant to a state search warrant, of cocaine, drug paraphernalia, ammunition, and a cellular phone with the same number used by informants to arrange a controlled buy. (Affidavit of Daniel Merchand, Paper 3 ¶¶ 3, 7, 13, 14.)  The Government also relied on statements made at the time of the search by defendant property owner Joseph Harding that certain guests at the property gave him "a good deal of cocaine in exchange for the use of the Real Property."  (Paper 3 ¶ 9.)

1

Additionally, in March 2005, Harding pled guilty in state court to misdemeanor possession of cocaine.  (Paper 22 at 2, n.1.)

In response to the Government's notice of deposition, Harding now moves for a protective order, arguing that he wishes "to participate fully in this civil litigation" in order "to save his home," but is concerned that any testimony or discovery responses provided in this civil action may be used against him in a subsequent criminal proceeding.  (Paper 22 at 1, 2.)  The Government opposes this request for use immunity.[1]  (Paper 26.)

A district court may issue a protective order upon a showing of good cause.  Fed. R. Civ. P. 26(c).  The burden is on the party seeking the protective order to show good cause.  In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).  Cases in this circuit suggest that "good cause" requires more than the desire to avoid prosecution.  See United States v. Talco Contractors, Inc., 153 F.R.D. 501, 514-15 (W.D.N.Y. 1994) (reviewing cases in which the main purpose of the protective order was something other than concern for fear of prosecution, such as adverse publicity, extreme economic hardship, or public harm).

---

[1] Harding's motion is not accompanied by certification, as required by Fed. R. Civ. P. 26(c) and Local Rule 26.1(d)(1), that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  The Court waives this requirement, noting the Government's opposition.

The Court is also mindful of the unique tension in a civil forfeiture proceeding -- particularly prior to the bringing of any criminal charges -- between self-incrimination concerns and the desire to testify.  See United States v. Certain Real Prop. & Premises Known as: 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 83 (2d Cir. 1995).  As the Government correctly explains, however, civil forfeiture actions no longer place the burden on the claimant.  Before Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, 205, the Government's trial burden was to show probable cause for forfeiture; the burden of proof then shifted to the claimant. See 4003-4005 5th Ave., 55 F.3d at 83; 19 U.S.C. § 1615 (superceded by 18 U.S.C. § 938(c)(1)).  Now, after CAFRA's enactment, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1); United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 76 n.5 (2d Cir. 2002).

Claimant Harding therefore faces no burden here, other than his affirmative defenses for failure to state a claim and proportionality, pursuant to 18 U.S.C. § 983(g).  (Answer, Paper 14.)  He may invoke his Fifth Amendment privilege against self-incrimination and still challenge the Government's evidence.

Claimant Harding's motion for a protective order is therefore DENIED without prejudice.  This ruling, however, does

3

not prevent Harding from filing other motions as may be appropriate to balance the parties' interests, such as for withdrawal of the claim of privilege or <u>a limited stay</u> of discovery pending the filing of criminal charges.  See <u>4003-4005 5th Ave.</u>, 55 F.3d at 84-85 (outlining the factors courts consider when addressing requests to withdraw the claim of privilege); <u>United States v. $557,933.89, More or Less, in U.S. Funds</u>, 1998 WL 817651 *3-4 (E.D.N.Y. 1998) (granting stay of discovery in civil forfeiture action pending lapse of statute of limitations in related criminal violations).

In conclusion, Claimant Harding's motion for a protective order is DENIED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of December, 2005.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge